[No. 9976-4-II. Division Two. January 20, 1987.]

*In the Matter of the Marriage of* VINCENT MANGIOLA, *Petitioner, and* CAROL ANN MANGIOLA, *Respondent.*

*William T. Lawrie, Andrea V. Gilbert,* and *Lawrie & Gilbert,* for petitioner.

*Kerry Stevens* and *Shiers, Kamps & Chrey,* for respondent.

ALEXANDER, A.C.J.—We accepted discretionary review of an order of the Superior Court denying Vincent Mangiola's motion to dismiss the petition of Carol Strand (formerly Mangiola) for modification of the child custody provisions of a decree of dissolution. We reverse.

Vincent and Carol Mangiola were granted a decree of dissolution of marriage on November 19, 1982. The trial court awarded them joint custody of their three minor children, Gabrielle, Vincent, and Cliffton. However, the decree provided that the children would reside with their father, Vincent, and that they would attend school at the place of their residence in Poulsbo.

In March 1986, Carol Strand filed a petition in Kitsap County Superior Court for modification of the dissolution decree's child custody provisions. Specifically, she requested that she be awarded full custody of Cliffton and Gabrielle. Strand's petition was supported by her affidavit, in which she described her current circumstances and claimed that the best interests of the "children" dictated

that she be awarded their custody[1] because Gabrielle "was extremely unhappy with her father, and would prefer to reside with me." She indicated further that Gabrielle did not like the North Kitsap School District, which includes Poulsbo, and that Gabrielle would be happier in the school district in which Strand resided. Additionally, Strand stated that the children were having problems in school and that a recent psychological evaluation of the "children" indicated that they were having some problems. She specifically referred to a report of an unidentified psychologist, who had purportedly analyzed "Kinetic Family Drawings" by the children, which showed "disruption, emotional upset, and poor self esteem." Finally, Strand described her own situation as a "stable and happy home environment."

After filing several affidavits in opposition to Strand's petition, Vincent Mangiola moved for an order dismissing the petition for what he claimed was Strand's failure to make a "prima facie" case. The trial court denied the motion and ordered that Gabrielle reside with her mother during the pendency of the modification proceedings.[2] Vincent Mangiola sought discretionary review of the order denying his motion, and we granted review. The principal issue is whether the trial court erred in denying Vincent Mangiola's motion to dismiss Strand's petition.

The modification of child custody provisions in a decree of dissolution is governed by RCW 26.09.260, which provides in pertinent part:

(1) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that *a change has occurred in the circumstances of the child or his custodian* and that the modification is necessary to serve the

---

[1]While Strand refers to "children" in her affidavit, she asked for custody of Cliffton and Gabrielle only. At oral argument before this court, her counsel stated that she was abandoning her efforts to seek custody of Cliffton.

[2]The order transferring custody of Gabrielle was stayed during the pendency of this review proceeding by orders of the trial court and this court.

best interests of the child. In applying these standards the court shall retain the custodian established by the prior decree unless:

. . .

(c) *The child's present environment is detrimental to his physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.*[3]

(Italics ours.)

The mere filing of a petition or motion to modify a prior custody provision in a dissolution decree, however, does not guarantee that the petitioner will receive a hearing on the motion. Before obtaining a hearing, the petitioner must overcome the threshold requirements of RCW 26.09.270. That statute provides as follows:

A party seeking a temporary custody order or modification of a custody decree shall submit together with his motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceedings, who may file opposing affidavits. *The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits,* in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

(Italics ours.)

The "adequate cause" referred to in RCW 26.09.270 has been defined as "something more than prima facie allegations which, if proven, might permit inferences sufficient to establish grounds for a custody change." *In re Marriage of Roorda,* 25 Wn. App. 849, 852, 611 P.2d 794 (1980). When the trial court makes that initial determination on affidavits alone, the appellate court stands in the same position as the trial court and decides the issue as a matter of law. *Roorda,* 25 Wn. App. at 853.

---

[3]Neither party has suggested that RCW 26.09.260 does not govern in cases where a parent seeks to modify the custody provisions of a dissolution decree awarding joint custody of a child to the parents.

After viewing Strand's affidavit, and without even considering the affidavits[4] submitted by Vincent, we easily can say that she has not shown "adequate cause" for a hearing on her petition. Strand's affidavit contains only vague and general allegations that the children, primarily Gabrielle, were unhappy at home and at school and that they were having "problems." These allegations could be said to describe complaints that are common to countless adolescents. The affidavit contains few specifics and does not even include a report of the psychologist upon whom Strand apparently relied very heavily. Even if we assume that the described problems exist and that they are significant, Strand has not suggested that any of the "problems" were caused specifically by the environment at Vincent's home. See RCW 26.09.260(1)(c). Furthermore, the statements in Strand's affidavit describing her own situation in somewhat glowing terms are equally immaterial because the court looks only at the changes in the circumstances of the child or custodian and not the circumstances of the parent without custody. RCW 26.09.260(1). In short, Strand has alleged no facts tending to show that the advantages of a change in custody outweigh the harmful effects of a change of custody, which in this case would include a separation of the siblings.[5]

Litigation over custody is generally inconsistent with a child's welfare. Roorda, 25 Wn. App. at 852. Therefore, courts should accord great weight to prior custody determinations. Trial courts need not grant a hearing to a petitioner who seeks modification of such provisions unless the petitioner makes factual allegations which, if true, would

---

[4]Vincent Mangiola's affidavits are generally supportive of his position. He also submitted a report of a psychologist, Diane O'Leary, in which she rendered an opinion that all of the children should remain with Vincent. The report, however, confirmed Strand's statements concerning the children's psychological tests.

[5]In her affidavit, Strand said that she believes it is "important for the children to be together," yet in her petition she sought custody of only two of the children. As we have already noted, she is now seeking custody of Gabrielle only.

overcome the presumption of custodial continuity. *See In re Marriage of Roorda, supra.* No such showing has been made in this case, and the trial court, thus, erred in denying the motion to dismiss.

Vincent Mangiola seeks attorney's fees on appeal, claiming that he is entitled to an award of fees pursuant to RCW 26.09.260(2), which provides:

> (2) If the court finds that a motion to modify a prior custody order has been brought in *bad faith,* the court shall assess the attorney's fees and court costs of the custodian against the petitioner.

(Italics ours.)

While we do not believe that Strand has shown "adequate cause" for a hearing on her petition for modification, we cannot say that she should pay attorney's fees to Vincent. Notwithstanding the inadequacies of Strand's petition, we have no reason to believe that she maintained this action in bad faith.

We reverse the trial court's order and remand the matter to the trial court with directions to enter an order dismissing Strand's petition for modification.

PETRICH and WORSWICK, JJ., concur.