[Nos. 19903-7-III; 19904-5-III. Division Three. January 15, 2002.]

*In the Matter of the Parentage of* LOGAN RUSSELL JANNOT. DAVID RUSSELL JANNOT, *Respondent*, v. STEPHANIE M. JANNOT, *Appellant.*

*In the Matter of the Marriage of* D. RUSSELL JANNOT, *Respondent*, and STEPHANIE M. JANNOT, *Appellant.*

*Richard H. Bartheld* (of *Dauber & Bartheld*), for appellant.

*R. John Sloan, Jr.*, for respondent.

SWEENEY, J. — Washington requires that parents seeking a major modification of a custody decree or parenting plan first submit affidavits establishing that adequate cause exists to justify a full hearing. RCW 26.09.270. Review of those decisions has been de novo. *In re Marriage of Roorda*, 25 Wn. App. 849, 853, 611 P.2d 794 (1980). But we do not believe that the de novo standard of review reflects appropriate underlying policy considerations and so take this opportunity to hold that the standard of review is abuse of discretion. Here, the judge decided, based upon competing affidavits, that the petitioner was not entitled to a full hearing. We reverse and remand for further proceedings on the affidavits because there are no grounds or reasons set out in the record for the court's decision.

## FACTS

The underlying facts here are neither disputed nor complex. David and Stephanie Jannot had their daughter, Josie, in 1987. The Jannots divorced in 1991. They had their son, Logan, in 1992. The court approved a final parenting plan for both their children that placed them with Mr. Jannot.

On July 31, 2000, Ms. Jannot filed separate petitions for modification seeking custody of both children. She supported the petitions with declarations from herself; Wade

Ross, Mr. Jannot's cousin; and Layne Serr, a psychotherapist.

Mr. Jannot responded to the petitions with declarations from a host of people that generally denied all of Ms. Jannot's allegations.

The trial court concluded pursuant to RCW 26.09.270 that there was not adequate cause to warrant a full hearing and denied Ms. Jannot's petition for a full hearing.

## STANDARD OF REVIEW

RCW 26.09.270 permits a *trial judge* to grant or deny a full hearing on the modification of a custody decree or parenting plan based on competing affidavits. The announced standard for review of a trial judge's adequate cause determination is de novo when the trial court's decision is based on affidavits alone. *In re Marriage of Mangiola*, 46 Wn. App. 574, 577, 732 P.2d 163 (1987); *Roorda*, 25 Wn. App. at 853.

Implicit in this standard is the assumption that because an appellate court reads the same affidavits as the trial judge, we are then in as good a position as the trial judge to pass upon whether these parents, or any competing parents, need, or deserve, a full evidentiary hearing to resolve a custody dispute. We now reject that assumption for several reasons.

First, it ignores other important principles which underlie the abuse of discretion standard of review and its required deference to trial court decisions. If there is one overriding purpose for the exercise of discretion, it is the necessity of applying a general principle of law to a specific set of facts. Maurice Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above*, 22 Syracuse L. Rev. 635, 643 n.19 (1971) (citing Kenneth Kulp Davis, Discretionary Justice: A Preliminary Inquiry 17 (1969)). Parenting plans, and particularly custody of children, are matters that are very individual. An infinite variety of factors and circumstances confront a trial judge faced with a contest over

whether to grant a hearing for a change of custody. The variables include culture, family history, the emotional stability of the parents and children, finances, and any of the other factors that could bear upon the best interests of the children first, and the interest of the family members as a whole, second. RCW 26.09.002; *In re Parentage of Schroeder*, 106 Wn. App. 343, 349, 22 P.3d 1280 (2001) (involvement of both parents is secondary goal to the best interests of the child).

Deference to a trial judge's discretion recognizes that there must be some "individualizing agent" in the administration of justice. *See* Roscoe Pound, *Discretion, Dispensation and Mitigation: The Problem of the Individual Special Case*, 35 N.Y.U. L. Rev. 925 (1960).

Some judicial actor must look at these affidavits, consider the above factors in light of the requirements for a major modification of a parenting plan (RCW 26.09.260), and then decide whether a full hearing is necessary. The trial judge is in the best position to make this determination.

For this reason, and others, we defer to trial judges on other questions, like questions of evidence. *Okamoto v. Employment Sec. Dep't*, 107 Wn. App. 490, 494-95, 27 P.3d 1203 (2001). The evidentiary questions that come before the court are of every possible variety and vary with the facts of every single case. Accordingly, it is impossible to formulate a single overriding rule which would control the answer to each one of these questions.

For example, in *State v. White* the court had to decide whether to admit evidence of prior convictions under ER 609. *State v. White*, 43 Wn. App. 580, 718 P.2d 841 (1986). The appellate court affirmed the exercise of discretion noting that: "[i]t is apparent that no bright line rule can be formulated for this issue and that each case will have to be determined on its facts." *Id.* at 586.

Likewise, in the condemnation case of *State v. Calkins*, the court noted:

These are matters as to which it is difficult to formulate specific rules, and they must rest largely in the discretion of the trial court, to be reviewed only for manifest abuse.

*State v. Calkins*, 50 Wn.2d 716, 728, 314 P.2d 449 (1957).

There are also other areas in which we defer to the decision of a magistrate even though the decision is based solely on affidavits. *See State v. Harris*, 12 Wn. App. 481, 485, 530 P.2d 646 (1975) ("magistrates issuing a search warrant may draw commonsense inferences from the facts and circumstances contained in a supporting affidavit, and their determinations of probable cause will be treated with deference by reviewing courts").

Next, a de novo review assumes that we are in as good a position to pass upon the competing merits of allegations made by warring parties to a child custody dispute merely because we read the same written affidavits. But a local trial judge handles domestic dockets frequently, sometimes exclusively. He or she reviews and considers these questions on a regular basis and is therefore in a much better position than us to pass upon the merits of competing allegations and affidavits.

And finally, if there is one area of substantive law in which appellate courts have traditionally deferred to the trial bench, it is in the area of domestic relations:

> We once again repeat the rule that trial court decisions in a dissolution action will seldom be changed upon appeal. Such decisions are difficult at best. Appellate courts should not encourage appeals by tinkering with them. The emotional and financial interests affected by such decisions are best served by finality. . . . The trial court's decision will be affirmed unless no reasonable judge would have reached the same conclusion.

*In re Marriage of Landry*, 103 Wn.2d 807, 809-10, 699 P.2d 214 (1985).

Authority for de novo review of these threshold custody determinations began with *Roorda. Roorda*, 25 Wn. App. 849. *Roorda* relied on an insurance case, *Rau v. Liberty*

*Mutual Insurance Co.,*[1] for the proposition that an appellate court is in as good a position as the trial court to pass upon questions of whether parents arguing over custody of their children are entitled to a full hearing. But *Rau* is an insurance contract case. And disputes over provisions of an insurance contract are fundamentally different than disputes over whether a parent gets a hearing to air a custody dispute.

The motives of the parties, their history of previous litigation, particularly litigation involving the children, and the trial judge's considerable experience in applying this body of law, all distinguish custody disputes from disputes over an insurance contract. We therefore disagree with *Roorda*. The abuse of discretion standard is much more consistent with the nature of a custody action. Custody, and the purpose of requiring this threshold determination to limit disruptive and potentially harmful custody litigation, is better served by application of the abuse of discretion standard. *See Landry*, 103 Wn.2d at 809-10.

The abuse of discretion standard is not, of course, unbridled discretion. Through case law, appellate courts set parameters for the exercise of the judge's discretion. At one end of the spectrum the trial judge abuses his or her discretion if the decision is completely unsupportable, factually. On the other end of the spectrum, the trial judge abuses his or her discretion if the discretionary decision is contrary to the applicable law. Here, the well-defined criteria for a change of custody provide the factors that the court must consider. *See* RCW 26.09.260; *Roorda*, 25 Wn. App. at 852.

## MODIFICATION OF CHILD CUSTODY

 A petition for change of custody must show adequate cause before the court will permit a full hearing. The whole process is by affidavit only.

---

[1] 21 Wn. App. 326, 585 P.2d 157 (1978).

A party seeking a temporary custody order or a temporary parenting plan or modification of a custody decree or parenting plan shall submit together with his motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceedings, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

RCW 26.09.270.

The contesting affidavits must result in "something more than prima facie allegations which, if proven, might permit inferences sufficient to establish grounds for a custody change." *Roorda*, 25 Wn. App. at 852.

There are two reasons for this. First, as we have mentioned, litigation is harmful to children.[2] And, second, prior custody arrangements which follow sometimes complex litigation or negotiations should be given great deference.[3]

Ms. Jannot first argues that only her declarations should be considered. She claims that any reliance on opposing declarations is a weighing of credibility, which mandates a full hearing with live testimony. And while this is a reasonable suggestion, it is not the law.

The plain language of RCW 26.09.270 clearly contemplates competing affidavits:

A party seeking a . . . modification of a custody decree or parenting plan shall submit . . . an affidavit setting forth facts supporting the requested . . . modification and shall give

---

[2] *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993) ("Custodial changes are viewed as highly disruptive to children, and there is a strong presumption in favor of custodial continuity and against modification."); *In re Marriage of Shryock*, 76 Wn. App. 848, 850, 888 P.2d 750 (1995) (same); *Roorda*, 25 Wn. App. at 852 ("Litigation over custody is inconsistent with the child's welfare.").

[3] *In re Marriage of Stern*, 57 Wn. App. 707, 712, 789 P.2d 807 (1990) ("Both statute and case law demonstrate a strong presumption in favor of custodial continuity and against modification."); *Mangiola*, 46 Wn. App. at 578 ("courts should accord great weight to prior custody determinations").

notice . . . to other parties to the proceedings, *who may file opposing affidavits.*

RCW 26.09.270 (emphasis added).

## ADEQUATE CAUSE

The next question then is whether the trial court's conclusion that the showing here was not adequate to warrant a full hearing is supported by tenable grounds or tenable reasons. The statute sets the standard:

> (1) . . . [T]he court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.
>
> (2) In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:
>
> . . . .
>
> (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child[.]

RCW 26.09.260. This test for a change in custody has been summarized into four elements, all of which must be met in order to justify the modification:

(1) There has been a change in circumstances.

(2) The child's best interests will be served by modification.

(3) The present environment is detrimental to the child's well-being.

(4) The harm caused by the change in custody is outweighed by the advantage of a change in custody.

*See Roorda,* 25 Wn. App. at 852. And so there must be some prima facie showing of each element.

The court should require something more than unsupported conclusions and the unfortunate petty sniping that sometimes goes on between warring parties to a dissolution action. Many complaints are common to adolescent children even from intact homes. *Mangiola*, 46 Wn. App. at 578. And the information considered in deciding whether a hearing is warranted should be something that was not considered in the original parenting plan. *Roorda*, 25 Wn. App. at 853. Certainly, documented supported claims of physical, sexual, or emotional abuse warrant a full hearing.

But short of that, these are matters that should be left to the discretion of the trial judge.

■ Here, the trial judge simply checked off on a form which said that there had not been an adequate showing to warrant a hearing. Clerk's Papers at 93-94. He did this no doubt because the standard of review required that we review everything again anyway. We, accordingly, reverse and remand for the court to articulate on the record reasons for denying a full hearing in this instance.

## ATTORNEY FEES

If the court finds that a motion to modify a prior decree or parenting plan has been brought in bad faith, the court shall assess the attorney's fees and court costs of the nonmoving parent against the moving party.

RCW 26.09.260(11). Mr. Jannot cites the statute as authority. But he fails to explain why Ms. Jannot's petition was in bad faith. Respondent's Br. at 21-22. and nothing in this record supports a finding of bad faith.

KURTZ, C.J., and BROWN, J., concur.

Review granted at 147 Wn.2d 1001 (2002).