53 P.3d 535 (2002)
113 Wash.App. 301
In re the MARRIAGE Of Russell Ouray MAUGHAN, Petitioner, and
Carrie Ann Maughan, Respondent.
In re the Custody of Toni Carter, Russell Ouray Maughan, Respondent,
v.
Carrie Ann Maughan, Petitioner, and
Tom Carter, Respondent.
No. 50639-1-I.
Court of Appeals of Washington, Division 1.
September 9, 2002.
Carol Vaughn, Seattle, WA, for Appellant.
*536 Sidney Rodabough, Kent, WA, for Respondent.

PUBLISHED OPINION IN PART
BAKER, J.
In a consolidated appeal, Carrie Maughan challenges the trial court's determination of adequate cause in Russell Maughan's petition to modify parenting plan and its temporary award of custody of the three minor children to Russell. Because substantial evidence in the record supported the trial court's orders, we affirm.

I
When Carrie and Russell Maughan married, she had a 1-year-old daughter, T.C., who lived with them throughout their marriage. Eight years later, the parties divorced and were awarded joint custody of their 8 and 6-year-old daughters born during the marriage. Carrie was assigned responsibility for their primary residential care and where they were to reside. She retained full custody of T.C. The children are now 13, 12, and 10, respectively.
Russell Maughan and his new wife moved to Seattle, Washington. The parties agreed that Carrie and the children would follow once Russell got established. Four months later, Russell returned to Utah to assist Carrie and the children in their move. During the move, Carrie visited her father in Metaline Falls, Washington. When she decided to stay there, she agreed that Russell would take the children to Seattle for a visit.
When Russell advised Carrie that he intended to seek custody of the three children, Carrie filed charges in Pend Oreille County of custodial interference, unlawful imprisonment, and a petition for order of protection from domestic violence. Russell filed actions for modification of parenting plan and third party custody in King County. On ex parte restraining orders and orders to show cause, he was awarded temporary custody of all the children. Shortly thereafter, police officers removed the children from Russell's care and returned them to their mother.
Russell appeared in Pend Oreille County on the issue of Carrie's petition for order of protection. After the hearing, the court dismissed the petition and returned the children to Russell's care. The criminal charges against Russell were dismissed.
In King County, Carrie moved to dismiss Russell's actions on grounds of lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act[1] (UCCJEA) and for failure to establish adequate cause. In the alternative, she moved for change of venue to Pend Oreille County. Russell opposed the motions and sought temporary custody of the children pending trial. A family law court commissioner denied Carrie's motion to dismiss, determined that adequate cause existed to proceed in the parenting plan modification, awarded custody of the children to Carrie, and granted her motion for change of venue to Pend Oreille County.
Russell moved for revision. On review, the revision court affirmed the adequate cause determinations, but awarded temporary custody of the children to Russell and ruled that venue should remain in King County. We granted Carrie's motion for discretionary review.

II
In this case, we must consider whether to follow our holding in In re Marriage of Roorda,[2] that appellate review of adequate cause determinations is de novo.[3] Division Three has recently rejected the de novo standard in favor of an abuse of discretion standard.[4] Although neither party raised this issue in their briefs, because it affects our ability to properly decide the issues in this case, we exercise our discretion to sua sponte consider it.[5]
*537 In In re Marriage of Roorda, we reasoned that because the issue of adequate cause is decided solely on the basis of affidavits, we stand in the same position as the trial court and can therefore decide the issue as a matter of law.[6] We relied for authority on Rau v. Liberty Mutual Ins. Co.,[7] which was an appeal from summary judgment where there were no disputed facts and the issue of law to be decided was one of auto insurance coverage.[8] By contrast, not only are material facts very much in dispute in adequate cause determinations, but the context and rules of law are different, as Division Three recently articulated in In re Parentage of Jannot.[9]
In Jannot, Division Three reasoned that the purpose underlying an abuse of discretion standard is a trial court's necessity of applying a general principle of law to a specific set of facts.[10] The issue of parenting plans, with its "infinite variety of factors and circumstances" confronting a trial court, is an apt example of a matter in which "it is difficult to formulate specific rules."[11] Consequently, such determinations must rest within the discretion of the trial court, which has regular and frequent review of the issue, and therefore stands in a better position than an appellate court to make an adequate cause determination.[12]
The court noted that appellate courts have traditionally deferred matters involving family law to the trial court.[13] This is because these decisions are "difficult at best" and the "emotional and financial interests affected by such decisions are best served by finality."[14] Moreover, de novo review could encourage appeals, which is contrary to the policy of finality.[15]
We agree with this reasoning. We also note that courts in other states review adequate cause determinations for abuse of discretion.[16] In addition, application of the abuse of discretion standard in this context is consistent with our review of temporary parenting plans and child support orders, which are also made solely on affidavits.[17] We therefore decline to follow Roorda, and hold that adequate cause determinations under chapters 26.09 and 26.10 RCW are reviewed for abuse of discretion.
The remainder of this opinion has no precedential value and will not be published.[18]
AGID, J., and SCHINDLER, J., concur.
NOTES
[1] Ch. 26.27 RCW.
[2] In re Marriage of Roorda, 25 Wash.App. 849, 611 P.2d 794 (1980).
[3] Roorda, 25 Wash.App. at 853, 611 P.2d 794.
[4] In re Parentage of Jannot, 110 Wash.App. 16, 18, 37 P.3d 1265 (2002).
[5] Obert v. Environmental Research and Dev. Corp., 112 Wash.2d 323, 333, 771 P.2d 340 (1989).
[6] Roorda, 25 Wash.App. at 853, 611 P.2d 794.
[7] 21 Wash.App. 326, 335, 585 P.2d 157 (1978).
[8] Roorda, 25 Wash.App. at 853, 611 P.2d 794.
[9] Jannot, 110 Wash.App. at 18, 37 P.3d 1265.
[10] Jannot, 110 Wash.App. at 19, 37 P.3d 1265.
[11] Jannot, 110 Wash.App. at 19, 21, 37 P.3d 1265 (quoting State v. Calkins, 50 Wash.2d 716, 728, 314 P.2d 449 (1957)).
[12] Jannot, 110 Wash.App. at 20-21, 37 P.3d 1265.
[13] Jannot, 110 Wash.App. at 21, 37 P.3d 1265.
[14] Jannot, 110 Wash.App. at 21, 37 P.3d 1265 (quoting In re Marriage of Landry, 103 Wash.2d 807, 809-10, 699 P.2d 214 (1985)).
[15] Jannot, 110 Wash.App. at 21, 37 P.3d 1265 (citing In re Marriage of Landry, 103 Wash.2d at 809-10, 699 P.2d 214).
[16] See In re Marriage of Jones, 703 P.2d 1328 (Colo.App.1985); DePasquale v. Superior Court in and for County of Maricopa, 181 Ariz. 333, 890 P.2d 628 (1995).
[17] See Bower v. Reich, 89 Wash.App. 9, 964 P.2d 359 (1997) (temporary parenting plans reviewed for abuse of discretion); Lambert v. Lambert, 66 Wash.2d 503, 403 P.2d 664 (1965) (modifications of child support reviewed for abuse of discretion, although tried by affidavit).
[18] RCW 2.06.040.