[No. 72284-6. En Banc.]
Argued November 14, 2002. Decided March 27, 2003.

*In the Matter of the Parentage of* LOGAN RUSSELL JANNOT.
DAVID RUSSELL JANNOT, *Respondent*, v. STEPHANIE
M. JANNOT, *Petitioner*.

*In the Matter of the Marriage of* DAVID RUSSELL JANNOT,
*Respondent*, and STEPHANIE M. JANNOT, *Petitioner*.

*Richard H. Bartheld* (of *Dauber & Bartheld*), for petitioner.

*R. John Sloan, Jr.*, for respondent.

OWENS, J. — When a parent petitions for modification of an existing parenting plan, RCW 26.09.270 requires the trial court to first determine, based on affidavits submitted by the parties, whether adequate cause exists to justify a full modification hearing. At issue here is the proper scope of appellate review where a trial court has determined that a petitioner failed to establish adequate cause.

## FACTS

The marriage of Stephanie and David Jannot was dissolved in 1991. At that time they had one child. After the dissolution, the couple had a second child. The final parenting plans placed the primary care of both children with David Jannot (Mr. Jannot) and provided for alternate residential time with Stephanie Jannot (Ms. Jannot).

In 2000, Ms. Jannot filed petitions to modify the parenting plans of both children and submitted affidavits in support of her request as required by RCW 26.09.270. Mr. Jannot responded with contrary affidavits. A detailed summary of each parent's supporting affidavits is not necessary here. It is sufficient to state that the court denied Ms. Jannot's petition, finding that she did not establish adequate cause to justify a full hearing. The court did so without written findings, checking a box indicating that adequate cause for hearing the petition had not been established. Ms. Jannot's motion for reconsideration was also denied.

Ms. Jannot appealed. Division Three of the Court of Appeals held that the trial court's adequate cause determination could be reviewed only for abuse of discretion and, because the trial court had not given reasons for its finding, it remanded to the trial court for articulation on the record of its reasons for denying a full hearing in this case. *In re Parentage of Jannot*, 110 Wn. App. 16, 22, 25, 37 P.3d 1265 (2002). Ms. Jannot filed a petition for review, arguing that Division Three's decision conflicted with Divisions One and Two of the Court of Appeals, which had reviewed RCW 26.09.270 adequate cause determinations de novo. This court granted review. *In re Parentage of Jannot*, 147 Wn.2d 1001 (2002).

## ISSUE

Where a trial court has determined, based on affidavits alone, that adequate cause does not exist to justify a full hearing on a petition to modify a parenting plan, what standard of review is appropriate on appeal?

## ANALYSIS

RCW 26.09.270 reads in relevant part:

> A party seeking . . . modification of a custody decree or parenting plan shall submit together with his [or her] motion, an affidavit setting forth facts supporting the requested order or modification . . . [O]ther parties to the proceedings . . . may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits . . . .

At issue is whether a trial court's decision under this statute should be reviewed de novo or whether that ruling should be upheld absent abuse of discretion.

Ms. Jannot contends that application of the abuse of discretion standard constitutes a radical departure from Washington precedent, citing cases in which appellate courts have applied de novo review to trial court decisions

based on affidavits alone. Ms. Jannot also relies on *In re Marriage of Roorda*, 25 Wn. App. 849, 850, 611 P.2d 794 (1980), in which Division One of the Court of Appeals reviewed a RCW 26.09.270 adequate cause determination. In the last paragraph of that opinion, after holding that the petition was properly dismissed, the *Roorda* court noted:

> Roorda raises the issue of the scope of appellate review of the trial court's decision. As the trial court decided the matter on affidavits alone, we stand in the same position as the trial court and decide the issue as a matter of law. *See Rau v. Liberty Mut. Ins. Co.*, 21 Wn. App. 326, 585 P.2d 157 (1978).

25 Wn. App. at 853. Subsequently, Division Two of the Court of Appeals applied the de novo standard when reviewing an RCW 26.09.270 adequate cause determination:

> When the trial court makes that initial determination on affidavits alone, the appellate court stands in the same position as the trial court and decides the issue as a matter of law. *Roorda*, 25 Wn. App. at 853.

*In re Marriage of Mangiola*, 46 Wn. App. 574, 577, 732 P.2d 163 (1987).

■ We disagree. Instead, we recognize that a trial judge does stand in a better position than an appellate judge to decide whether submitted affidavits establish adequate cause for a full hearing on a petition to modify a parenting plan. We adopt the reasoning of Division Three of the Court of Appeals in this case and Division One of the Court of Appeals in *In re Marriage of Maughan*, 113 Wn. App. 301, 53 P.3d 535 (2002), and hold that an appellate court may overturn a trial court's RCW 26.09.270 adequate cause determination only if the trial court has abused its discretion.

First, many local trial judges decide factual domestic relations questions on a regular basis, *Jannot*, 110 Wn. App. at 21, and the adequate cause determinations at issue here often involve facts that are very much in dispute. *Maughan*, 113 Wn. App. at 305. Thus, the *Roorda* court erred when it improperly relied on *Rau*, 21 Wn. App. 326, a

case in which the facts were undisputed, to justify de novo review. *Id*. at 328, 335. Because adequate cause determinations are fact intensive, we recognize that a trial judge generally evaluates fact based domestic relations issues more frequently than an appellate judge and a trial judge's day-to-day experience warrants deference upon review.

Moreover, parenting plans are individualized decisions that depend upon a wide variety of factors, including "culture, family history, the emotional stability of the parents and children, finances, and any of the other factors that could bear upon the best interests of the children." *Jannot*, 110 Wn. App. at 19-20. The combination of relevant factors and their comparative weight are certain to be different in every case, and no rule of general applicability could be effectively constructed. *See id*. at 20. The very nature of a trial court makes it better suited than an appellate court to weigh these varied factors on a case-by-case basis. *Maughan*, 113 Wn. App. at 305; *Jannot*, 110 Wn. App. at 20. Ms. Jannot argues that this conclusion would improperly authorize consideration of factors not argued in the submitted affidavits. Nothing in this decision authorizes consideration of evidence outside of the record before the court. We simply conclude that a trial judge is in the best position to assign the *proper weight* to each of the varied factors raised by the submitted affidavits in a particular case.

Most importantly, in the area of domestic relations, the appellate courts have granted deference to the trial courts because " '[t]he emotional and financial interests affected by such decisions are best served by finality,' " *Jannot*, 110 Wn. App. at 21 (quoting *In re Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985)), and de novo review may encourage appeals. *Maughan*, 113 Wn. App. at 305-06. We also recognize that extended litigation can be harmful to children. The *Roorda* court ignored these considerations, instead relying on an insurance case to support its de novo review. *Jannot*, 110 Wn. App. at 21-22. Similarly, Ms. Jannot refers to a long list of unrelated cases in which

appellate courts have applied de novo review. However, these dissimilar questions simply do not involve the child's weighty interest in finality.[1] That interest is particularly strong in cases where a child's living arrangements are at stake. Thus, we recognize that the child's interest in finality distinguishes this case from other, nondomestic relations cases and the interest in finality is best served if an appellate court can overturn a trial court's denial of a full hearing only for abuse of discretion.

It is important to note that Washington courts have applied the abuse of discretion standard when reviewing child support modifications and temporary parenting plans, determinations that are also based on affidavits alone. *Maughan*, 113 Wn. App. at 306 (citing *Lambert v. Lambert*, 66 Wn.2d 503, 508, 403 P.2d 664 (1965) (child support modification)); *see also* RCW 26.09.175(5); *Bower v. Reich*, 89 Wn. App. 9, 19, 946 P.2d 1216, 964 P.2d 359 (1997) (temporary parenting plan); RCW 26.09.270. Thus, application of the abuse of discretion standard to a trial court's RCW 26.09.270 adequate cause determination is not the departure from Washington precedent that Ms. Jannot suggests.

For all of these reasons, we hold that a trial court's RCW 26.09.270 adequate cause determination should be overturned only where the trial court has abused its discretion. Because the trial court in this case simply checked a box indicating that adequate cause for full hearing did not exist, the Court of Appeals reversed and remanded, requiring the trial court to articulate its reasons for denying a full hearing. *Jannot*, 110 Wn. App. at 25. Mr. Jannot does not request that we apply the abuse of discretion standard to the facts of this case, but instead asks only that we remand. Thus, we do not decide whether the record in this case could support a claim that the trial court abused its discretion.

---

[1] Ms. Jannot does refer to two domestic relations cases in which construction of a statutory provision was reviewed de novo, yet no statutory construction is necessary here.

## CONCLUSION

We affirm the Court of Appeals and remand to the trial court for an articulation on the record of the reasons for denying a full hearing.

ALEXANDER, C.J., JOHNSON, MADSEN, BRIDGE, and CHAMBERS, JJ., and MORGAN and SMITH, JJ. PRO TEM., concur.

SANDERS, J. (dissenting) — The majority claims deference should be given to the trial court's decision to deny an evidentiary hearing on a party's motion to modify a parenting plan because trial courts have greater experience evaluating domestic relation situations. Majority at 126-27. But RCW 26.09.270 does not permit a trial court to weigh facts or consider facts not set forth in the affidavits. It requires the trial court to determine whether "adequate cause for hearing the motion is established by the affidavits." RCW 26.09.270.

Because the trial court makes this threshold "adequate cause" determination on affidavits alone, the appellate court stands in the same position as the trial court and decides that issue as a matter of law. *In re Marriage of Mangiola*, 46 Wn. App. 574, 577, 732 P.2d 163 (1987). Moreover, the detachment of the appellate court from the parties involved may put it in a better position to make the threshold determination. "Such detachment should help ensure fairness . . . ." *State v. Creekmore*, 55 Wn. App. 852, 878, 783 P.2d 1068 (1989). However, under the highly deferential abuse of discretion standard adopted by today's majority, a trial court's denial of a motion to set a hearing will be disturbed only if its decision is manifestly unreasonable or based on untenable grounds. *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). This standard is inconsistent with the requirements of RCW 26.09.270.

Therefore I dissent.