# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHESTER DUANE FLAGGARD, | No. 52283-7-II |
| Respondent, | |
| v. | |
| JACOB PETER HOCKING, | PUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Jacob Hocking is SNF's father. After a court determined Hocking to be an unfit parent, it awarded SNF's maternal grandfather Chester Flaggard nonparental custody of her. The nonparental custody decree included several conditions limiting Hocking's visitation and also claiming to be conditions precedent to his filing a petition to modify the parenting plan. Two and one-half years later, Hocking filed a petition to modify the nonparental custody order. The trial court ruled that Hocking failed to show adequate cause for a hearing on the petition because he failed to meet the conditions precedent listed in the parenting plan. Hocking appeals, arguing that RCW 26.10.190(1), which applies the adequate cause standard of RCW 26.09.260(1), is unconstitutional as applied to nonparental custody orders. We agree.

The adequate cause standard under RCW 26.10.190(1) does not provide a parent a meaningful opportunity to show that there is no longer a factual basis for the nonparental custody order. Accordingly, we reverse and remand to the trial court to determine if Hocking has

Citations and pin cites are based on Westlaw online version of the cited material.

established adequate cause for a hearing on his petition to modify the nonparental custody order, consistent with this opinion.

## FACTS

Hocking has an extensive history of criminal violence, beginning when he was 14 years old. Hocking has been ordered numerous times by various courts to be evaluated and to engage in domestic violence treatment. He also has a history of drug and alcohol abuse problems. In 2011, Hocking pled guilty to fourth degree assault against SNF's mother and the court issued a five-year no-contact order between Hocking and SNF's mother. In 2013, SNF's mother was killed in an automobile accident when she ran a red light.

SNF, who had lived with her mother and Flaggard since birth, went to live with Hocking after her mother's death. Hocking then cut off contact with Flaggard and his extended family.

In February 2015, after a contested trial, the trial court entered an order finding Hocking to be an unfit parent and awarding nonparental custody of SNF to Flaggard. The trial court found that Hocking "presents a grave danger to women and children," "has ongoing drug and alcohol issues," and shows "a thin veneer of control over his emotions." Clerk's Papers (CP) at 139-41. The trial court further found that "Jacob Hocking is an unfit parent and that placement of SNF with him would result in actual detriment to SNF's future growth and development." CP at 141. As such, the court found that limitations on visitation with Hocking would not adequately protect SNF from harm that could result from contact with Hocking. Accordingly, the court ordered that Hocking have no visitation with SNF until he

> A. Submits to a full forensic psychological evaluation with an agreed upon, or court authorized Ph.D. level, state licensed, psychologist. Such evaluation must

2

include full collateral contacts including Chester Flaggard, the petitioner; Jennifer Knight, the child's counselor; all court records filed herein or referenced herein; and all police reports filed herein or referenced herein and all CPS [(Child Protective Services)] reports filed herein or referenced herein. Such evaluation to be solely at the expense of Mr. Hocking. The full evaluation must be filed in this court file (under a confidential coversheet) and Mr. Hocking must have begun participating in any treatment recommendations as a condition precedent to filing a petition for minor modification of the parenting plan.[1]

B. Mr. Hocking must obtain a statement from the child's counselor, Jennifer Knight, and file it in this court file about whether reunification counseling should or should not commence between Mr. Hocking and the child and whether or not it is in the best interests of the child (this is merely a recommendation and not binding on this court) as a condition precedent to filing a petition for a minor modification of the parenting plan.

C. Submits to a full state-certified domestic violence and chemical dependency evaluation by Casteele Williams and Associates, or other agreed upon agency. Such evaluation must include same full collateral contacts as required by the forensic psychological evaluation described in A above. Mr. Hocking shall successfully be at least half way through completion of any treatment recommendations contained in said evaluations as a condition precedent to filing a petition for a minor modification of the parenting plan.

D. Completes an 8 week parenting class through Catholic Community Services or the equivalent, as a condition precedent to the filing of a petition for minor modification of the parenting plan.

E. Successfully completes at least 12 weeks of consecutive clean bi-weekly observed random 11 panel UA's [(urinalysis)] including ETG [(ethyl glucuronide test)]). He must provide proof under a confidential coversheet into this court file of [12 weeks of clean consecutive random bi-weekly] observed 11 panel UA's + ETG as a condition precedent to the filing of a petition for a minor modification of the parenting plan.

CP at 142-43. Hocking did not appeal the trial court's order.

---

[1] A minor modification is one which does not seek a change in the child's residence. RCW 26.09.260(5).

In December 2016, Hocking was awarded custody of two of his other children after their mother was found to be an unfit parent. In December 2017, Hocking filed a petition to modify the nonparental custody decree to grant him visitation with SNF and to allow him to work toward full custody. In his petition, Hocking argued that his circumstances had substantially changed since the determination that he was an unfit parent because he had completed all requirements in the decree and he had been awarded custody of two of his children.

A superior court commissioner held an adequate cause hearing in February 2018. The commissioner ruled that Hocking was not entitled to an adequate cause hearing because he had not satisfied the conditions in the decree set forth by the 2015 trial court. Hocking filed a motion for reconsideration and filed an additional psychological evaluation.

The commissioner denied Hocking's motion for reconsideration, specifically noting Hocking's "inability to control his anger [and] emotions" and the fact that he "often loses control and in fact did so in the context of this proceeding." CP at 281. The commissioner also noted that Hocking had a pathway to establish a relationship with his daughter by following the terms and conditions of the decree. The commissioner did not explain which condition or conditions Hocking failed to meet.

In April, Hocking filed a motion for revision of the commissioner's order on reconsideration. A superior court judge denied Hocking's motion, noting that the decree "provided a clear pathway toward reunification" and that Hocking "failed to fulfill the terms and conditions specifically crafted to assist a trier of fact in determining parental fitness *in this case*."

No. 52283-7-II

CP at 359-60.  The judge did not explain which terms and conditions Hocking failed to fulfill.

Hocking then filed this appeal.

ANALYSIS

Hocking argues that RCW 26.10.190(1)'s application of the adequate cause standard of

RCW 26.09.260(1) is unconstitutional because it does not account for a substantial change in

circumstances of *parents* in nonparental custody actions.  We agree.[2]

"The due process clause of the Fourteenth Amendment protects the fundamental right of

parents to make decisions regarding the care, custody, and control of their children."  *In re S.M.*,

9 Wn. App. 2d 325, 335, 444 P.3d 637 (2019); U.S. CONST. amend. XIV, § 1.  The liberty

interest of parents in the care, custody, and control of their children is perhaps the oldest of the

fundamental liberty interests recognized by the United States Supreme Court.  *Troxel v.

Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000).

The state may interfere in a parent-child relationship "if it appears that parental decisions

will jeopardize the health or safety of the child, or have a potential for significant social

burdens," constitutional claims notwithstanding.  *Wisconsin v. Yoder*, 406 U.S. 205, 234, 92 S.

Ct. 1526, 32 L. Ed. 2d 15 (1972).  "[A] court may award custody to a nonparent in an action

against a parent only if the parent is unfit or if placement with an otherwise fit parent would

cause actual detriment to the child's growth and development."  *In re Custody of Shields*, 157

---

[2] Hocking also argues that the decree's conditions contain unconstitutional barriers to
reunification with SNF.  Because we hold that the modification standard in RCW 26.10.190(1) is
unconstitutional as applied to nonparental custody orders, we do not reach this argument.

5

Wn.2d 126, 150, 136 P.3d 117 (2006). It is unconstitutional for a court to infringe on the parent-child relationship simply because placement with a nonparent may be in the best interest of the child. *Shields*, 157 Wn.2d at 143.

We review de novo whether a statute violates the United States Constitution. *In re Parentage of C.A.M.A.*, 154 Wn.2d 52, 57, 109 P.3d 405 (2005). Once the superior court rules on the motion for revision, any appeal is from the superior court's decision. *State v. Ramer*, 151 Wn.2d 106, 113 86 P.3d 132 (2004). We review a superior court's determination of adequate cause for abuse of discretion. *In re Parentage of Jannot*, 149 Wn.2d 123, 128, 65 P.3d 664 (2003). A trial court necessarily abuses its discretion if its decision is based on an erroneous view of the law. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

Under current statutes, once a nonparental custody decree is entered, it may be modified only under chapter 26.09 RCW, which governs, among other things, allocation of residential time and decision-making between parents. RCW 26.10.190(1). Under that chapter, in relevant part, a court can modify the decree only

> . . . upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances *of the child or the nonmoving party* and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

RCW 26.09.260(1) (emphasis added). In custodial disputes between parents, a substantial change in circumstances of the *parent* is an insufficient reason to modify a decree. *In re Custody of Z.C.*, 191 Wn. App. 674, 695, 366 P.3d 439 (2015).

The issue before us was decided by Division One of this court in *In re Custody of S.M.*, 9 Wn. App. 2d at 325. In that case, the court held that in a nonparental custody action under RCW 26.10.190, which requires trial courts to apply the standards set out in RCW 26.09.260(1), "violates due process in so far as it limits the change in circumstances to that of the child or the nonmoving party." 9 Wn. App. 2d at 338. The court in *S.M.* further held that the change in circumstances standard in RCW 26.10.190 violated a parent's due process because the statute deprived the parent of an opportunity to regain custody of his or her child once there was no longer a factual basis for the nonparental order. 9 Wn. App. 2d at 338. The court in *S.M.* remanded with the direction that in order to establish adequate cause for a hearing on the requested custody modification, the parent "must present new or previously unknown facts showing a change in circumstances such that the factual basis for the order no longer exists." 9 Wn. App. 2d at 338. We agree with the analysis in *S.M.*

Here, the trial court denied Hocking's motion to modify based on his failure to comply with conditions in the decree. But the test in a nonparental custody action is whether the parent remains unfit, not whether he or she has complied with every detail in every condition in the decree. To establish adequate cause, Hocking must make a showing that he has remedied the deficiencies that led to the determination that he was an unfit parent. To the extent that the trial court relied on RCW 26.10.190(1) to deny Hocking's motion for modification, it abused its discretion, because that statute is unconstitutional as applied to him.

On remand, the superior court is directed to determine if Hocking has established adequate cause for a hearing on his petition to modify the nonparental custody decree, consistent with this opinion.

## ATTORNEY FEES

Flaggard requests appellate attorney fees under RAP 18.1(a) and RAP 18.9, based upon Hocking's allegedly frivolous appeal and continued intransigence. We deny Flaggard's request on both grounds.[3]

RAP 18.1(a) allows the award of reasonable attorney fees and costs on appeal if applicable law grants the party the right to recover them. The applicable law in this case, RCW 26.10.190(2), directs this court to award attorney fees "[i]f the court finds that a motion to modify a prior custody decree has been brought in bad faith." RAP 18.9 also allows the award of compensatory damages to a harmed party if the offending party's appeal was frivolous. "An appeal is frivolous if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal exists." *Chapman v. Perera*, 41 Wn. App. 444, 455-56, 704 P.2d 1224 (1985). Because Hocking was successful in his argument, this appeal cannot be deemed to have been brought in bad faith and is necessarily

---

[3] Hocking was ordered to pay $3,500 towards Flaggard's attorney fees after the denial of his motion for revision. Hocking did not assign error to this decision.

not frivolous.  Consequently, we decline to award attorney fees to Flaggard.

We reverse and remand for further proceedings consistent with this opinion.

_____
Worswick, J.

_____
Lee, C.J.

_____
Melnick, J.