# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Parenting Plan of<br><br>SHANNON C. KING<br><br>                    Respondent,<br><br>   and<br><br>BRYCE KING,<br><br>                    Appellant. | No. 55494-1-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. – Bryce King appeals the trial court's order ruling that there was not adequate cause to hold a hearing on his motion to modify an amended 2019 parenting plan entered following the dissolution of his marriage with his former spouse, Shannon King. The 2019 parenting plan limited Bryce's[1] visitation with his children based on prior incidents in which Bryce engaged in inappropriate and unlawful conduct with minors. Bryce contends that psychological treatment he received after entry of the parenting plan constituted a substantial change in circumstances establishing adequate cause to modify the parenting plan.

We hold that the trial court did not abuse its discretion in finding that Bryce did not make a showing of adequate cause to hold a hearing on his motion to modify the parenting plan under RCW 26.09.260(5) and (7) because he did not show a substantial change in circumstances. We

---

[1] We refer to Bryce and Shannon King by their first names to avoid confusion. We intend no disrespect.

also award Shannon her reasonable attorney fees under RCW 26.09.140 based on her financial need. Accordingly, we affirm the trial court's order finding no adequate cause to hold a hearing on Bryce's motion to modify the 2019 parenting plan, and we award Shannon her reasonable attorney fees incurred in this appeal.

FACTS

Shannon and Bryce married in 2007 and have two children together. The children were ages 10 and nine at the time of Bryce's motion to modify. The parties divorced in 2015. Their parenting plan initially provided for co-parenting of the children.

In 2018, Shannon received a message from a former neighbor, who stated that when she was 15 years old Bryce repeatedly had watched her change clothes in the Kings' home through a hole in the bathroom wall and had engaged in grooming behavior, including showing her pornography. After receiving this message, Shannon investigated further an incident in which Bryce previously had been charged with child luring (for which Bryce claimed innocence). Shannon learned that the luring victim actually had identified Bryce in a lineup and had seen the car involved in the incident parked near where Bryce worked. She also learned that the victim had alleged that Bryce was naked from the waist down and was masturbating when he tried to get her into his car. Shannon also began to question Bryce's explanation that although he had pled guilty as a juvenile to first degree rape of a child, he actually was innocent.

Based on this new information, Shannon filed a petition to modify the 2015 parenting plan.

While the modification proceeding was pending, Mark Whitehill, Ph.D. conducted a psychosexual evaluation on Bryce. Risk assessment testing showed Bryce had a 51% risk of

reoffending within the next 12 years. Dr. Whitehill recommended that Bryce enter treatment with a therapist having expertise in personality disorders and sexual deviance.

In addition, while the modification proceeding was pending there was an incident where Bryce removed court documents relating to his juvenile adjudication. He was convicted of second degree theft for this incident. The trial court found that the theft of court records was evidence of Bryce's concealment and denial.

In January 2019, the trial court granted Shannon's motion to modify the 2015 parenting plan. The court found that Bryce's "conduct with minor children" warranted the modification. Clerk's Papers (CP) at 13. The court also found that "the requested change is in the children's best interest" and "[t]he children's current living situation while with their father is harmful to their physical, mental, or emotional health." CP at 13-14. To protect the children, the court determined that limitations on Bryce's time with them was necessary under RCW 26.09.191.[2]

The court made extensive additional findings regarding Bryce's prior conduct with minor children. The court stated,

> Dr. Whitehill also concludes [Bryce] has a Histrionic Personality Disorder. [Bryce's] therapist . . . concurs with that assessment. There is a history of sexually inappropriate behavior by [Bryce]. This is also consistent with the high-risk behavior that Dr. Whitehill notes as being characteristic of someone with [Bryce's] personality; so is the theft. And, there is a history of minimizing and hiding problematic behaviors. The personality disorder suggests [Bryce] minimizes his imperfections and he is going to be resistant to seeing there is something wrong with him.

CP at 16.

---

[2] Under RCW 26.09.191(2)(a) a parent's residential time shall be limited if it is found that the parent has engaged in sexual abuse of a child. RCW 26.09.191 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current statute.

The court noted that it "believes the Parenting Plan can be reviewed when [Bryce] successfully completes the kinds of treatment that has been recognized [in] . . . Dr. Whitehill's report." CP at 16. The court stated that it was not ordering this treatment, but it was ordering a three-month risk management course with Bryce's therapist.

The trial court modified the parties' parenting plan by reducing Bryce's time with the children to every other weekend and two evenings per week with no overnight stays. The court also required all parenting time to be supervised by Bryce's current spouse.

In August 2020, Bryce filed a motion to modify the parenting plan.[3] He alleged that he had mitigated the change in circumstances that triggered the prior modification by completing treatment. Bryce requested that the 2019 parenting plan be modified so that his time with the children would not be supervised and the children could stay with him overnight.

In support of his motion, Bryce submitted statements from two therapists with whom he had treated. One therapist stated in a short letter that he had met with Bryce five times and that Bryce "has a good understanding of the characteristics of his personality disorder and has gleaned the tools needed to cope with it." Sealed Ex. 1. The other therapist provided a more detailed letter about his 12 hours of treatment with Bryce. He concluded that there was little indication that Bryce would be a threat to his children. However, the therapist stated: "It was concerning that he denied culpability with any of the events in the past. Some of his positions appeared to be counter to the record such as being identified by [the rape victim] as being the perpetrator." Sealed Ex. 2 at 2.

---

[3] Bryce requested both a major and a minor modification. His appeal relates solely to the minor modification.

4

Bryce subsequently filed a motion with the trial court, requesting that the court clarify its finding that the parenting plan could be reviewed after he completed treatment. Bryce asked the court to rule that completion of treatment automatically constituted adequate cause to modify the parenting plan. The court ruled that Bryce must comply with RCW 26.09.260 regarding his petition to modify the parenting plan.

A court commissioner ruled that adequate cause did not exist to hold a hearing on Bryce's motion for modification because there had been no substantial change in circumstances. Therefore, the commissioner dismissed Bryce's motion.

Bryce filed a motion for revision with the trial court. He continued to argue that adequate cause supported a full hearing on his motion for modification because he had sought treatment. The trial court commended Bryce for seeking treatment, but concluded that completion of treatment did not amount to a substantial change in circumstances warranting modification of the 2019 parenting plan. The court also stated that there was an absence of proof regarding the children; there were no counseling records and no admissible evidence showing that they wanted to spend more time with Bryce. The court concluded that Bryce did not establish adequate cause and denied his motion for revision.

Bryce appeals the trial court's order finding no adequate cause to hold a hearing on his motion to modify the 2019 parenting plan.

ANALYSIS

A.    NO ADEQUATE CAUSE FOR MODIFICATION

Bryce argues that the trial court abused its discretion by finding there was not adequate cause to hold a hearing on his motion to modify the 2019 parenting plan. We disagree.

1.    Nature of Review

On a motion for revision, the trial court reviews the commissioner's rulings de novo based on the evidence presented to the commissioner. *In re Marriage of Goodell*, 130 Wn. App. 381, 388-89, 122 P.3d 929 (2005). Once the trial court rules on a motion for revision, we review the trial court's decision, not the commissioner's decision. *In re Marriage of Lyle*, 199 Wn. App. 629, 633, 398 P.3d 1225 (2017). Accordingly, we address only the trial court's order.

2.    Statutory Process for Modification

RCW 26.09.260 addresses the grounds for modifying a parenting plan. RCW 26.09.260(5) allows a trial court to adjust residential aspects of a parenting plan through a minor modification in the residential schedule "upon a showing of a substantial change in circumstances of either parent or of the child." Bryce also relies on RCW 26.09.260(7), which states that a parent subject to limitations under RCW 26.09.191(2) or (3) cannot seek expansion of residential time "unless that parent demonstrates a substantial change in circumstances specifically related to the basis for the limitation."

Under both statutes, the movant must demonstrate a substantial change of circumstances. RCW 26.09.260(5) and (7); *In re Marriage of Cardwell*, 16 Wn. App.2d 90, 102, 479 P.3d 1188 (2021). The court must base its determination of a substantial change in circumstances on facts unknown to the court at the time of the prior decree or plan or arising since entry of the decree or plan. *In re Marriage of Tomsovic*, 118 Wn. App. 96, 105, 74 P.3d 692 (2003). Unknown facts include those that were not anticipated by the court at the time of the prior plan. *Id.*

Under RCW 26.09.270, a party seeking to modify a parenting plan must submit a motion and an affidavit setting forth facts showing adequate cause for the requested modification. The

trial court must deny the motion without a hearing unless the affidavit establishes adequate cause to schedule a hearing. RCW 26.09.270; *see In re Marriage of MacLaren*, 8 Wn. App. 2d 751, 770-71, 440 P.3d 1055 (2019). If the court finds adequate cause, the court must schedule a hearing on an order to show cause why the requested modification should not be granted. RCW 26.09.270.

To show adequate cause, the petitioner must present evidence that would support a modification under RCW 26.09.260. *MacLaren*, 8 Wn. App. 2d at 774. The petitioner must do more than assert unsupported allegations that would support modification if proved. *Id.* at 771. "[T]he moving party must set forth facts and provide supporting evidence – not self-serving or conclusory statements – to establish adequate cause." *Id.* at 774. At a minimum, adequate cause requires evidence sufficient to support a finding on each fact the moving party must prove to modify the parenting plan. *Id.* at 772-73.

There is a "strong statutory presumption in favor of custodial continuity and against modification." *MacLaren*, 8 Wn. App. at 771. The adequate cause requirement places a very heavy burden on the petitioner, with the goal of providing stability for the children. *Id.*

We review a trial court's determination of adequate cause for a proposed parenting plan modification for abuse of discretion. *In re Parentage of Jannot*, 149 Wn.2d 123, 128, 65 P.3d 664 (2003). A trial court abuses its discretion where its decision is manifestly unreasonable or based upon untenable grounds or reasons. *In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). More specifically, "the procedures and criteria set forth in RCW 26.09.260 limit the superior court's range of discretion." *In re Marriage of Hoseth*, 115 Wn. App. 563, 569, 63 P.3d 164 (2003). Therefore, the trial court abuses its discretion if it fails to base its modification ruling on the statutory criteria. *Id.*

3.  Analysis

The basis for the trial court's 2019 parenting plan modification was to protect the children based on new information about Bryce's first degree rape of a child juvenile adjudication and the two allegations against him of sexual misconduct involving minors. The court also was concerned that Bryce had a tendency to engage in high-risk conduct, concealment, and denial.

The circumstances that existed when the 2019 parenting plan was entered had changed to some extent by the time Bryce filed his petition to modify. Bryce had completed some treatment. And after treatment one therapist saw little indication that Bryce was a danger to his children. The question here is whether the trial court abused its discretion in determining that those changed circumstances were not *substantial* under RCW 26.09.260(5) and (7) to require a finding of adequate cause for a hearing on the motion for modification.

Two key facts supporting the 2019 parenting plan had not substantially changed. First, Bryce continued to have a history of inappropriate and unlawful behavior with minor children. Treatment did not change that fact. Second, Bryce continued to deny culpability for any prior misconduct. Therefore, treatment did not affect one of the trial court's primary concerns when entering the 2019 parenting plan: Bryce's "history of minimizing and hiding problematic behaviors." CP at 16.

In addition, when entering the 2019 parenting plan the trial court expressly found that "[t]he children's current living situation while with their father is harmful to their physical, mental, or emotional health." CP at 14. Bryce's motion did not address whether this finding no longer was valid.

Our standard of review is abuse of discretion. *Jannot*, 149 Wn.2d at 128. And RCW 26.09.270 is designed to place a heavy burden on the petitioner. *MacLaren*, 8 Wn. App. at 771. We cannot say that the trial court abused its discretion in ruling that Bryce had not shown a substantial change of circumstances.

B.     ATTORNEY FEES ON APPEAL

Shannon requests attorney fees on appeal under RCW 26.09.140. RCW 26.09.140 gives us discretion to award reasonable attorney fees to either party on appeal "after considering the financial resources of both parties." We must balance the needs of the party requesting attorney fees against the ability of the other party to pay. *In re Marriage of Tupper*, 15 Wn. App. 2d 796, 815, 478 P.3d 1132 (2020). We also consider the merits of the appeal. *Id.*

RAP 18.1(c) states that in any action where an award of attorney fees is based on the parties' financial resources, each party must file an affidavit of financial need at least 10 days before the date set for consideration. Shannon filed a declaration of need showing that her monthly expenses exceed her net monthly income by almost $4,800. She stated that she did not know Bryce's current income but that Bryce reported his income in 2019 as $160,000. Bryce has not filed a financial declaration or a response to Shannon's declaration.

Shannon clearly demonstrates financial need. We exercise our discretion under RCW 26.09.140 and award Shannon her reasonable attorney fees incurred in this appeal.

CONCLUSION

We affirm the trial court's order finding no adequate cause to hold a hearing on Bryce's motion to modify the 2019 parenting plan, and we award Shannon her reasonable attorney fees incurred in this appeal.

No. 55494-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
WORSWICK, P.J.

_____
NEVIN, J.P.T.*

* Judge Jack Nevin is serving as a judge pro tempore of the court pursuant to RCW 2.06.150(1).

10