[No. 3421-1.    Division One.    November 17, 1975.]

KATHLEEN V. WILDERMUTH, *Appellant*, v. ROBERT W. WILDERMUTH, *Respondent.*

*Treece, Richdale & Hoff* and *Grant S. Meiner*, for appellant.

*Warner, Pierce & Peden* and *Clarence W. Pierce*, for respondent.

*Wendy Gelbart*, amicus curiae, on behalf of American Civil Liberties Union.

FARRIS, J.—Kathleen V. Wildermuth and Robert W. Wildermuth were divorced by a decree entered June 9,

1967. The decree ordered the father to pay $200 per month as child support and awarded custody of the parties' two minor children to the mother. On November 6, 1974, an order was entered which awarded $450 to the mother as delinquent child support and transferred custody of the children to the father. The mother appeals.

We find no error in the trial court's computation of support money due. During a period when the father was unemployed, he obtained a court order which reduced his support payments to $100 per month, but also provided:

> It Is Further Ordered that as and when the defendant obtains gainful employment that he shall immediately notify the plaintiff thereof and the amount of income he will be receiving thereunder, and at that time arrange for support payments commensurate with his then earning capacity in the same proportion that the $100.00 per month per child bore to his $1,100.00 per month income which he had at Boeing prior to being let off, and if medical protection is available thru his new employment, he shall be required to furnish the same.

The father was subsequently reemployed at a salary of $1,284.70 per month and resumed making support payments in the original amount of $200 per month. The mother argues, however, that the previously quoted provision of the order had the effect of not only decreasing the father's support obligation if he earned less than $1,100 per month, but increasing it if he earned more. She contends that at a salary of $1,284.70 per month, his obligation was $224.41 per month rather than $200 per month and therefore claims an additional amount due based upon an alleged delinquency of $24.41 per month. In construing the order, the trial court held that the father was only obligated to pay a proportion of his earnings up to the $200 per month specified in the original decree. The holding of the trial court is buttressed by the fact that the order obtained by the father was based upon his petition seeking a *reduction* in support payments. There was no petition for an increase. The ruling finds substantial support in the record. It will not be disturbed on appeal.

The primary assignment of error is the trial court's decision to transfer custody of the children to the father. The mother contends that the father failed to sustain the burden of proof imposed upon him by statute. RCW 26.09.260 (1) (c) provides:

(1) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior decree unless:

. . .

(c) The child's present environment is detrimental to his physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

The trial court entered the following finding of fact on the issue:

The Court finds that the petitioner has met the burden of proof that rests upon him. The Court finding herein that the welfare of the children is the primary objective. The conditions described above are a material change of circumstances since the entry of the divorce decree herein. The existing conditions in the mother's abode make an environment that is detrimental to the physical, mental and emotional health of the children, and if permitted to continue, would be injurious to the welfare of the children. On the other hand, it will promote the welfare of the children to remove them from the immoral atmosphere of this illicit relationship. If any harm should result from a change of custody and environment now, it is outweighed by the advantages to come to the children from the change. Accordingly, the Court finds that the welfare of the children will be promoted by the transfer of their custody to the father petitioner and that the situation is such that it is imperative that the custody change be made immediately.

Finding of fact No. 9.

The mother contends that the trial court ignored the

mandate of the statute in that there is *no* evidence in the record of the effect of her conduct upon her children. She does, however, acknowledge that at the time of the trial, and for some 7 years before, she had shared her two-bedroom apartment with a man who was not her husband and who was, in fact, married to another. The man lived 25 percent of the time with the mother and 75 percent elsewhere.

■ We find that the controlling statute requires more than a showing of illicit conduct by the parent who has custody. There must be a showing of the effect of that conduct upon the minor child or children. *See McDaniel v. McDaniel*, 14 Wn. App. 194, 197-98, 539 P.2d 699 (1975). Unless the record contains evidence from which the trier of fact can reasonably conclude that the child's environment is detrimental to his or her physical, mental, or emotional health and, further, that the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child, the court errs in entering an order changing custody. *See Christian v. Randall*, 33 Colo. App. 129, 516 P.2d 132, 133-35 (1973). While the court's *prediction* of probable harm to the children by their exposure to the misconduct might be accurate, the record here is deficient in that there is no evidence of the effect of the mother's living arrangement upon the children. Although the record contains evidence of the contrast between the home of the mother and the home of the father and his present wife, such a contrast alone fails to meet the mandate of the statute.

We therefore remand the cause for a factual determination of the effect of the mother's admitted illicit conduct upon the welfare of the children.

■ Among several constitutional arguments advanced by the amicus is the contention that RCW 26.09.110 is unconstitutional on due process grounds because it permits the court to adjudicate the fundamental rights of children without requiring the appointment of counsel for them. In support of this argument, the amicus cites *Goss v. Lopez*, 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975); *Goldberg v.*

*Kelly*, 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970); *Meyer v. Nebraska*, 262 U.S. 390, 67 L. Ed. 1042, 43 S. Ct. 625 (1923). These cases neither arose in the context of a child custody modification proceeding, nor did they involve the issue of whether an attorney must be appointed to insure due process for children. Nothing in the argument of amicus curiae convinces us that RCW 26.09.110 is unconstitutional.

■ The amicus next argues that even if RCW 26.09.110 is constitutional, it was an abuse of discretion for the trial court not to appoint counsel or, in the alternative, to use the investigative procedures authorized by RCW 26.09.220. In support of this contention, the amicus cites *In re Marriage of Waggener*, 13 Wn. App. 911, 538 P.2d 845 (1975). While *Waggener* was concerned with an initial award of custody under RCW 26.09.190, rather than a change of custody under RCW 26.09.260, the court addressed the issue of the circumstances under which a trial judge should appoint counsel for the children or order an investigation:

> We hold, therefore, that where custody is in serious dispute, and where from the surface at least, both parties appear to be fit parents, and where the parties fail in their proof to adequately develop the relevant factors set forth in RCW 26.09.190, the court should either appoint an attorney for the child or otherwise order an investigation of those relevant factors, to the end that an objective decision may be made to serve the best interests of the child.

*In re Marriage of Waggener, supra* at 917. However *Waggener* is distinguishable from the case at bar. In *Waggener*, the parties failed to adequately develop, and the trial court failed to consider, certain relevant factors under the mandate of RCW 26.09.190. Here all of the factors under RCW 26.09.260(1)(c) were developed by the parties and considered by the trial court. Under these circumstances, the court was not required to appoint counsel for the children or order an investigation. This, of course, does not preclude the appointment of counsel or the ordering of an investigation if either is requested or seems appropriate.

We find no merit in the other constitutional issues raised by the amicus.

Reversed and remanded. Costs to abide the final result.

WILLIAMS, C.J., and JAMES, J., concur.