IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 37863-2-III |
| | ) | |
| BENJAMIN E. JONES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| LISA A.M. JONES, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, C.J. — Benjamin Jones petitioned to modify a parenting plan, claiming a substantial change of circumstances based on his daughter's assertions of abuse against her mother. Mr. Jones also sought appointment of a guardian ad litem (GAL) to investigate the daughter's claims. The superior court denied Mr. Jones's petition, explaining any statements of the daughter were hearsay and could not be relied on to establish adequate cause for modification of the parenting plan.

On appeal, Mr. Jones argues the superior court committed legal error because a number of the statements submitted in support of his petition for modification did not qualify as hearsay. We agree and therefore remand for reassessment of the petition, including appointment of a GAL. This matter is otherwise affirmed.

FACTS

Benjamin Jones and Lisa McCrea-Jones[1] divorced in 2018 and share an adolescent daughter. The daughter's custody is governed by a parenting plan issued out of Spokane County. The plan places the daughter in Ms. McCrea-Jones's primary custody with regularly scheduled residential time for Mr. Jones. At some point after the divorce, Mr. Jones relocated from Spokane to Seattle. Because he works for an airline, Mr. Jones was still able to maintain the residential schedule by frequently flying back and forth between the two cities.

The parties' post-dissolution relationship has been riddled with conflict. Things worsened with the onset of the COVID-19 pandemic. In July 2020, the parties' daughter refused to return to Ms. McCrea-Jones's home at the conclusion of her residential time with Mr. Jones. The daughter made allegations of abuse by her mother and Mr. Jones successfully filed for a temporary restraining order.[2] Mr. Jones then filed a petition requesting (1) a major modification, changing the daughter's primary residence,

---

[1] The respondent's name was changed to "Lisa Annette McCrea-Jones" under the terms of the final dissolution decree.

[2] The temporary restraining order was allowed to lapse prior to resolution of the parties' dispute and the daughter was returned to Ms. McCrea-Jones's care. No full hearing on the restraining order was ever held.

(2) or alternatively a minor modification to accommodate Mr. Jones's move to Seattle, and (3) the appointment of a GAL.

A superior court commissioner denied Mr. Jones's petition. The commissioner explained the court could not consider hearsay statements attributed to the parties' minor daughter. The court then ruled Mr. Jones had failed to demonstrate adequate cause for either a major or minor modification. The commissioner went on to reason that the appointment of a GAL first required a finding of adequate cause, and therefore denied this request as well.

Mr. Jones unsuccessfully moved to revise the commissioner's ruling. Like the commissioner, the superior court judge explained that the court could not consider the hearsay statements by the parties' daughter, wherein the daughter made allegations of abuse. The superior court also agreed a GAL could not be appointed without a finding of adequate cause.

After the superior court denied the petition to modify and for appointment of a GAL, Mr. Jones filed a motion to find Ms. McCrea-Jones in contempt for violating the parenting plan's residential time and cell phone provisions. The commissioner denied this motion as well, finding no willful violations. Mr. Jones did not seek revision by the superior court of the commissioner's ruling on the contempt motion.

Mr. Jones appeals and assigns error to the superior court's rulings regarding

adequate cause, denial of the GAL, and denial of his motion for contempt.

ANALYSIS

*Standard of review*

All matters on review in this appeal are assessed for abuse of discretion. *See*

*In re Parentage of Jannot*, 149 Wn.2d 123, 126, 65 P.3d 664 (2003) (adequate cause);

*Wildermuth v. Wildermuth*, 14 Wn. App. 442, 446, 542 P.2d 463 (1975) (GAL); *In re*

*Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010) (contempt). This is a

deferential standard. However, a court necessarily abuses its discretion if its decision is

premised on legal error. *State v. Ramirez*, 191 Wn.2d 732, 741, 426 P.3d 714 (2018).

We note that some of the issues on review went through a revision hearing in

superior court. When a decision on a motion for revision is appealed, we review "the

decision of the superior court judge, not the commissioner.*" In re Marriage of Lyle*,

199 Wn. App. 629, 633, 398 P.3d 1225 (2017). But when the superior court denies

revision of a commission's decision, this generally "constitutes an adoption of the

commissioner's decision." *Williams*, 156 Wn. App. at 27-28.

*Petition for major modification and for GAL*

Parenting plan modifications are governed by RCW 26.09.260 and RCW 26.09.270. These statutes establish "a strong presumption against modification and in favor of continuity." *In re Marriage of Cardwell*, 16 Wn. App. 2d 90, 96, 479 P.3d 1188 (2021). A party petitioning for modification must first submit sworn statements establishing adequate cause to justify a full modification hearing. RCW 26.09.270. "At the very minimum, 'adequate cause' means evidence sufficient to support a finding on each fact that the movant must prove in order to modify; otherwise, a movant could harass a nonmovant by obtaining a useless hearing." *In re Marriage of Lemke*, 120 Wn. App. 536, 540, 85 P.3d 966 (2004). If the adequate cause burden is not met, the court cannot proceed to a full hearing on the merits of a petition. *Jannot*, 149 Wn.2d at 124.

Mr. Jones asked for a major modification that would change his daughter's primary residence. Relevant here, justification for a major modification requires showing a substantial change of circumstances and that "[t]he child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." RCW 26.09.260(2)(c).

Mr. Jones contends his petition for major modification did not rely on hearsay; thus, the court erred when it rejected his petition as lacking adequate cause on the basis of hearsay. Hearsay is defined as a statement by an out-of-court declarant, offered for the truth of the matter asserted. ER 801(c). Statements that qualify as hearsay are generally inadmissible. ER 802. However, there are numerous exceptions to the rule against hearsay *See* ER 803; ER 804.

We agree with the superior court that Mr. Jones's recitation of his daughter's allegations against Ms. McCrea-Jones constitutes inadmissible hearsay. According to Mr. Jones, his daughter alleged Ms. McCrea-Jones engaged in physical violence, name calling, and threats against the daughter's pet. To the extent these allegations are assessed for their truth value, they are all hearsay. The superior court properly excluded these statements in making its adequate cause determination.

However, not all of the assertions submitted by Mr. Jones constituted hearsay descriptions of his daughter's statements. For example:

- In his declaration in support of modification, Mr. Jones recounted an incident on July 8, 2020. When it came time for the parties' daughter to return to Ms. McCrea-Jones's home after Mr. Jones's residential time, Mr. Jones saw his daughter become "emotionally dysregulated."

Clerk's Papers at 336. The daughter started "sobbing and curled into the fetal position." *Id*. Mr. Jones took his daughter to her mental health counselor. After this meeting, the daughter appeared to calm down. Mr. Jones then drove the daughter to Ms. McCrea-Jones's house, but upon arrival the daughter refused to get out of the car. The foregoing information is limited to what Mr. Jones personally saw and heard; it is not hearsay.

- A declaration filed by Tara Fletcher recounts an August 19, 2020, phone conversation with the parties' daughter. During the call, the daughter was "crying." *Id*. at 508. The daughter said she was scared, felt unsafe, and wanted Ms. Fletcher to come pick her up from her mother's house. This information is a combination of nonhearsay as well as an apparent excited utterance, which is an exception to the hearsay rule. ER 803(a)(2).

- Ms. McCrea-Jones's neighbor, Kaila Singleton, filed a declaration critical of Ms. McCrea-Jones and alleging she could hear from across the street Ms. McCrea-Jones screaming at her children, even though her door was closed. To the extent Ms. Singleton relayed what she heard, this allegation does not meet the definition of hearsay.

- A declaration filed by the daughter's mental health counselor states the counselor has made three mandatory reports to CPS (child protective services) following disclosures by the parties' daughter, with the most recent occurring on August 27, 2020. This information does not constitute hearsay.

The foregoing statements qualify as nonhearsay evidence, relevant to the issue of whether continued placement in Ms. McCrea-Jones's home is harmful to the physical and emotional well-being of the parties' daughter. The information certainly is not dispositive of Mr. Jones's major modification request. However, it sets forth a nonspeculative basis for finding adequate cause under RCW 26.09.270 and appointing a GAL under RCW 26.09.220. The superior court committed legal error in overlooking Mr. Jones's nonhearsay evidence and therefore abused its discretion.

We remand with instructions for the superior court to exercise its discretion in assessing whether adequate cause exists to proceed on Mr. Jones's petition for modification, taking into account assertions that do not qualify as mere hearsay. Should the court find adequate cause, it may appoint a GAL and schedule a merits hearing after receipt of the GAL report.

*Minor modification*

Mr. Jones also appeals the superior court's denial of his petition for a minor modification to the parenting plan. A minor modification is also subject to an adequate cause requirement. To establish adequate cause for a minor modification, Mr. Jones was required to show both a substantial change of circumstances and that his change of residence made the parties' current residential schedule impractical. RCW 26.09.260(5)(b).

The record fails to clarify what type of minor modification Mr. Jones sought from the court in order to accommodate his relocation to Seattle. Contrary to Mr. Jones's position on appeal, the parties never agreed that a specific type of adjustment was warranted. In addition, there was no evidence the parenting plan was rendered impractical by Mr. Jones's relocation. Mr. Jones has been able to fly back and forth between Seattle and Spokane and still comply with the terms of the plan. Given the factual record and the lack of any specific request for changes, the superior court did not error in refusing to find adequate cause for a minor modification.

At oral argument before this court, Mr. Jones asserted a minor modification was necessary because the parties were confused as to how to treat holidays under the parenting plan. This type of concern is not an appropriate basis for a modification.

Instead, the remedy is a motion for clarification. *Rivard v. Rivard*, 75 Wn.2d 415, 418-19, 451 P.2d 677 (1969). A motion for clarification is not dependent on a finding of adequate cause and can be raised at any time. To the extent Mr. Jones remains confused about the terms of the parenting plan, he has adequate recourse.

*Contempt*

To find contempt the commissioner was required to find a bad faith violation of the parties' parenting plan. *See* RCW 26.09.160(2)(b). Mr. Jones does not challenge the commissioner's factual findings. Nevertheless, he claims the facts weigh in his favor. We are unpersuaded.

The commissioner acted within their discretion in denying Mr. Jones's contempt motion. With respect to the allegations regarding residential time, the parties submitted competing explanations regarding whether they had respected residential time or acted pursuant to past agreements. The commissioner justifiably found the parties' differences were due to misunderstandings, not bad faith. With respect to the cell phone dispute, the parenting plan did not *require* the daughter to have a cell phone. Instead, it merely *permitted* the daughter to have a cell phone at the discretion of either parent. The commissioner was entitled to rely on Ms. McCrea-Jones's statement that she never withheld the daughter's cell phone for the purpose of preventing communication with

No. 37863-2-III
*In re Marriage of Jones*

Mr. Jones. Therefore, the commissioner did not abuse discretion by denying Mr. Jones's

motion for contempt.

## CONCLUSION

The superior court's decision denying Mr. Jones's petition for major modification

and request for GAL appointment is reversed and we remand for further proceedings.

We otherwise affirm. Ms. McCrea-Jones's request for appellate attorney fees is denied.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.