# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 58316-0-II |
| HEATH TYLER ALLEN, | |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| JAIME LINETTE ALLEN, | |
| Appellant. | |

CHE, J. — Jaime Allen[1] appeals the trial court's orders dismissing Jaime's motion to modify the permanent parenting plan and denying her motion for reconsideration.

In 2017, Jaime and Heath Allen divorced. They had one child together, AMA. The permanent parenting plan provided that AMA would live primarily with Heath but that Jaime could have visitation. In 2023, Jaime petitioned to modify the parenting schedule or change AMA's primary residence, alleging that Heath exhibited harmful behaviors toward AMA.

At the hearing, the trial court determined there was not adequate cause to grant Jaime's requested modification to the parenting plan and dismissed Jaime's petition. Jaime filed a motion for reconsideration of the trial court's order. After a hearing, the trial court denied Jaime's reconsideration motion.

Jaime argues the trial court erred in dismissing her petition to modify the permanent parenting plan because it abused its discretion by basing its decision on untenable grounds and reasons, and its decision was manifestly unreasonable.

---

[1] Because the parties share the same last name, we refer to them by their first names.

We hold the trial court did not abuse its discretion when it dismissed Jaime's petition to modify the permanent parenting plan and denied Jaime's motion for reconsideration.

Accordingly, we affirm.

FACTS

In 2000, Jaime and Heath married, and in 2017, they divorced. They had one child together, AMA.

In 2017, the trial court entered the permanent parenting plan, providing that AMA would live primarily with Heath but could have visitation with Jaime every other weekend under certain conditions.[2] Jaime and Heath had joint-decision making authority for school, education, and non-health care emergencies for AMA.

In February 2023, Jaime filed a petition to change the parenting plan. In March 2023, Jaime filed an amended petition and a motion for adequate cause. In her amended petition, Jaime requested the trial court to "make a major change in the parenting schedule or to change the person [AMA] lives with most of the time [from Heath to herself]."[3] Clerk's Papers (CP) at 108.

Jaime alleged "[AMA's] current living situation is harmful to [her] physical, mental, or emotional health." CP at 109. Specifically, Jaime alleged that Heath engaged "in a pattern of emotional and psychological abuse as well as coercive control over [AMA]. Heath [ ] has

---

[2] The parenting plan limited Jaime's visitation because of her "long-term problem with drugs, alcohol or other substances that gets in the way of [her] ability to parent" and provided that "[i]f [she] consumes drugs or alcohol at any time, her visitation will be revoked until further court order." CP at 170. The parenting plan also provided that if AMA declined visitation during Jaime's scheduled time, Jaime would be allowed to visit AMA at Heath's residence for a reduced period of time.

[3] Jaime did not request any minor modification.

consistently used poor judgment and has been neglectful in getting [AMA] the proper medical care she needs." CP at 109. Jaime submitted, among other materials, her personal notes, journal entries, and text message conversations between her and Heath as well as between her and AMA. Additionally, Jaime noted that in 2011 she filed a protection order against Heath.

In March 2023, the trial court held an adequate cause hearing. After reviewing Jaime's materials and hearing arguments at the adequate cause hearing, the trial court explained Jaime's concerns should have been raised in an order to show cause for alleged lack of compliance with the parenting plan, not raised in a proposed modification to the parenting plan. The trial court also noted that Jaime's evidence was from "early 2020, 2021, and early 2022" and that "if they were such pressing matters, they would have been brough[t] to the Court's attention a lot sooner." Rep. of Proc. (RP) (March 16, 2023) at 6.

The court stated, "I don't believe there has been neglect in [AMA's] medical care . . . So, based upon my review of the pleadings themselves . . . I am not going to entertain any motion to modify. I don't believe [Jaime has] met the threshold of adequate cause at all completely." RP (March 16, 2023) at 6. In its written order on adequate cause, the trial court concluded "[t]here is not adequate cause to hold a full hearing or trial about [Jaime's petition]" and "[t]he Petition to Change a Parenting Plan or Custody Order is dismissed." CP at 50.

In April 2023, Jaime filed a motion for reconsideration of the trial court's order under CR 59. Among other things, Jaime argued that she had not yet been allowed any significant time with AMA in 2023, that the trial court should review all of her submitted evidence, and that the permanent parenting plan is "harmful to all parties involved and is not in the best interest of [AMA]." CP at 242.

3

Heath filed a responsive declaration, alleging Jaime had a documented history of aggression toward AMA; multiple suicide attempts, including one in AMA's presence; and several hospitalizations related to Jaime's mental health conditions. Additionally, Heath presented purported text messages between Jaime and AMA wherein AMA states, "I'm tired of being a victim to your mess. I'm not sad really anymore but scared and angry . . . I wasn't comfortable with you videoing and other things and [I] felt unsafe." CP at 272. "[Y]ou made me really uncomfortable . . . I need space." CP at 273. Several days later, AMA told Jaime, among other things, that she did not feel comfortable going to Jaime's apartment by herself, that she did not feel comfortable going to places with Jaime, and that Jaime had been scaring her.

Heath also submitted an incident report from a local police department describing a child welfare check that law enforcement conducted on AMA in February 2023. Law enforcement contacted AMA and Heath and separated them during the welfare check. Per the report, AMA denied abuse in the home and said that she felt safe, that her mom struggled with mental health issues, and that her mom behaved in ways that made her sad. Law enforcement concluded that "[AMA] was well spoken, well composed and appeared to be in good health and good spirits" and that he "ha[d] no concerns." CP at 281.

Jaime filed a reply to Heath's responsive declaration, alleging, among other things, that Heath did not accurately portray the text message conversation between Jaime and AMA; that she was not physically aggressive toward AMA; that Heath requested many of Jamie's hospitalizations; and that AMA is scared of her because "Heath has instilled a fear of mother in [AMA]" and "[AMA] is afraid of Heath's retaliatory behavior when and if she spends time with mother." CP at 60.

4

At the reconsideration hearing, Jaime explained that the substantial change in circumstances warranting modification of the plan was "[Heath's use of] alienating behavior," "emotional abuse," and "a pattern of emotional, psychological and coercive control" toward AMA. RP (April 27, 2023) at 11, 18. The trial court stated, "I don't believe these issues meet the threshold requirement of a *stringent review* of a substantial change in circumstances." RP (April 27, 2023) at 14 (emphasis added). The court indicated that it had reviewed Jaime's materials and it denied Jaime's motion for reconsideration, finding that Jaime still had not shown adequate cause.

Jaime appeals.

## ANALYSIS

Jaime argues the trial court erred in dismissing her petition to modify the permanent parenting plan because it abused its discretion by basing its decision on untenable grounds and reasons, and its decision was manifestly unreasonable.[4]

### I. ORDER ON ADEQUATE CAUSE

A. *Legal Principles*

We review a trial court's adequate cause determination for an abuse of discretion. *In re Marriage of Maughan*, 113 Wn. App. 301, 306, 53 P.3d 535 (2002).

A trial court abuses its discretion if its decision is manifestly unreasonable, based on untenable grounds because the factual findings are unsupported by the record, or based on

---

[4] Jaime makes several references to the State's "compelling interest" in the safety and welfare of children. See Am. Br. of Appellant at 21, 22, 31. These references do not appear to be accompanied by a cognizable argument. To the extent Jaime contends that the trial court was required to consider the government's compelling interest when addressing whether she showed adequate cause, we decline to review this claim of error because it was not raised in the trial court, and the State of Washington is not a party to this action. RAP 2.5(a).

untenable reasons because the incorrect legal standard was applied. *In re Marriage of MacLaren*, 8 Wn. App. 2d 751, 774, 440 P.3d 1055 (2019). A trial court's decision is manifestly unreasonable if, based on the facts and the applicable legal standard, its decision is outside the range of acceptable choices. *In re Parentage of Schroeder*, 106 Wn. App. 343, 349, 22 P.3d 1280 (2001).

Under RCW 26.09.260(1), the trial court cannot modify a parenting plan unless it finds, on the basis of new facts since the prior plan or facts that the court did not know at the time of the prior plan, that a "*substantial change* has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child." (Emphasis added.)

Under RCW 26.09.270, the trial court must deny a motion to modify a parenting plan unless it finds that the affidavits submitted by the parties establish adequate cause for hearing the motion. Adequate cause, at a minimum, means a showing "sufficient to support a finding on each fact that the movant must prove in order to modify." *In re Custody of S.M.*, 9 Wn. App. 2d 325, 333-34, 444 P.3d 637 (2019) (internal quotation marks omitted) (quoting *In re Custody of E.A.T.W.*, 168 Wn.2d 335, 347, 227 P.3d 1284 (2010)).

The trial court considers and weighs the facts alleged by the parties in the affidavits, the evidence, and other factors on a case-by-case basis to determine whether the moving party has established adequate cause to hold a hearing on whether to modify the parenting plan. *MacLaren*, 8 Wn. App. 2d at 774.

We employ a strong statutory presumption against modification and in favor of custodial continuity. *Id.* at 771. The burden of demonstrating adequate cause to schedule a hearing on a petition to modify "requires more than allegations that if proved true, would establish a prima

facie case supporting modification." *Id.* at 774. The moving party must provide facts and supporting evidence, not self-serving or conclusory statements, to overcome the presumption against modification and establish adequate cause. *Id.*

We recognize that trial judges are better suited than appellate judges to determine whether submitted affidavits show adequate cause to warrant a hearing on a petition to modify a parenting plan. *In re Parentage of Jannot*, 149 Wn.2d 123, 126, 65 P.3d 664 (2003).

"In the absence of a written finding on a particular issue, an appellate court may look to the oral opinion to determine the basis for the trial court's resolution of the issue." *Copper Creek Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 724, 532 P.3d 601 (2023) (quoting *In re Marriage of Booth*, 114 Wn.2d 772, 777, 791 P.2d 519 (1990)).

B.      *The Trial Court's Decision Was Not Based on Untenable Grounds*

Jaime appears to contend that the trial court's decision was based on untenable grounds because the court's determination of facts was unsupported by the record. Jaime claims the trial court's decision "ignored the substantial amount [of] evidence that [she] submitted" and the evidence should be deemed sufficient to persuade a fair-minded person of the truth.[5] Am. Br. of Appellant at 17-18. We disagree.

---

[5] Jaime also argues that the trial court "refused to consider or allow [her] to further present her case with information the judge would consider about the emotional abuse and coercive control of [AMA]" at both the adequate cause and reconsideration hearings. Am. Br. of Appellant at 29. But any additional facts should have been presented in Jaime's affidavit. Moreover, at both hearings, the court allowed Jaime to present her argument and rebuttal argument. Jaime's citations to the record show that she requested to further argue her case only *after* the court had already pronounced its ruling. Jaime presents no authority requiring the court to consider additional arguments after it has pronounced its ruling. This argument merits no further consideration. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

We look to the trial court's oral ruling because it explains the basis for its written ruling, in which it found no adequate cause to hold a full hearing or trial and dismissed Jaime's petition. Here, after reviewing Jaime's materials and hearing arguments at the adequate cause hearing, the trial court explained that Jaime's concerns should have been raised in an order to show cause for alleged lack of compliance with the parenting plan, not raised in a proposed modification to the parenting plan. The trial court noted that Jaime's evidence was from "early 2020, 2021, and early 2022" and that "if they were such pressing matters, they would have been brough[t] to the Court's attention a lot sooner." RP (March 16, 2023) at 6.

The court also stated, "I don't believe there has been neglect in [AMA's] medical care . . . So, based upon my review of the pleadings themselves . . . I am not going to entertain any motion to modify. I don't believe [Jaime has] met the threshold of adequate cause at all completely." RP (March 16, 2023) at 6. The record does not establish that the trial court ignored Jaime's evidence or relied upon facts unsupported by the record. Instead, the trial court reviewed and weighed the evidence submitted by both parties. The court found relevant that Jaime's allegations were untimely and not necessarily the basis for modification, but the basis for a show cause determination. Jaime does not show that the facts the court relied upon are unsupported by the record.

To the extent Jaime argues that the trial court must accept as true her allegations of abuse, coercive control, and domestic violence against AMA, she does not provide authority supporting her proposition. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). Furthermore, Jaime fails to meet her burden of demonstrating adequate cause, which "requires

more than allegations that if proved true, would establish a prima facie case supporting modification." *MacLaren*, 8 Wn. App. 2d at 774. Moreover, contrary to Jaime's allegations of Heath's abuse of AMA, the record shows that AMA felt safe and did not experience abuse at Heath's home.

Jaime appears to argue that the trial court abused its discretion by "refus[ing] to consider or allow [her] to further present her case with information . . . about [Heath's] emotional abuse and coercive control of AMA." Am. Br. of Appellant at 29. Jaime relies on *In re Wagner*, 18 Wn. App. 2d 588, 496 P.3d 742 (2021), in support of her argument. There, Division One held the trial court could not categorically exclude a child's testimony in a modification trial on the ground that the court did not hear from children. *Wagner*, 18 Wn. App. 2d at 597. But, *Wagner* is distinguishable. Here, the trial court did not exclude Jaime's testimony, let alone categorically exclude her testimony based on a blanket rule. Rather, it heard Jaime's argument and noted that Jaime filed 41 pages of materials, implying the court reviewed her materials.

Thus, Jaime has not shown that the trial court's decision was based on untenable grounds.

C.      *The Trial Court's Decision Was Not Based on Untenable Reasons*

Jaime asserts the trial court based its decision on untenable reasons when it applied an incorrect legal standard—the adequate cause requirement of RCW 26.09.270 and the substantial change in circumstance requirement of RCW 26.09.260(1)—because RCW 26.09.191 does not require these findings when there is "evidence of abuse and domestic violence."[6] Am. Br. of Appellant at 9. We disagree.

---

[6] In her reply brief, Jaime argues for the first time that the trial court abused its discretion by not imposing RCW 26.09.191 factors. We decline to consider this argument because Jaime does not otherwise show that this claim of error is reviewable under RAP 2.5(a). *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

RCW 26.09.191(2)(a)(ii), which governs restrictions in temporary or permanent parenting plans, generally requires the trial court to limit a parent's residential time with the child *if* the court finds that the parent has engaged in the physical or sexual abuse of a child, or a pattern of emotional abuse of a child, among other things. Here, the trial court entered a permanent parenting plan in 2017 and Jaime sought a modification of that parenting plan. Jaime provides no citations to legal authority in support of her assertion that the trial court need not make findings of adequate cause and a substantial change in circumstances to modify a parenting plan when there are allegations of abuse or domestic violence. Thus, we decline to consider it. *DeHeer*, 60 Wn.2d at 126; *see also* RAP 10.3(a)(6).

The adequate cause standard of RCW 26.09.270 and the substantial change in circumstance requirement of RCW 26.09.260(1) apply here because Jaime filed a petition to modify the parenting plan. Jaime does not establish that the court applied the incorrect legal standards. Thus, Jaime has not shown that the trial court's decision was based on untenable reasons.

D.       *The Trial Court's Decision Was Not Manifestly Unreasonable*

Jaime argues the trial court's decision was manifestly unreasonable because it was outside the range of acceptable choices. Specifically, she argues the trial court's decision "by default left the parenting plan intact," which exposes Jaime and AMA to a risk of harm. Am. Br. of Appellant at 31. We disagree.

Jaime contends that the trial court's decision was outside the range of acceptable choices given the trial court's factual findings. But as we discuss above, the trial court did not make its decision on an unsupported factual basis. Instead, it based its decision on evidence that is in the record and concluded that Jaime did not meet her burden of showing adequate cause to modify

the permanent parenting plan because the materials submitted did not show a substantial change in AMA's or Heath's circumstances.

Because the trial court determined that Jaime did not meet her burden of proving adequate cause under RCW 26.09.270, and we recognize that trial courts are better suited to determine whether submitted affidavits show adequate cause on a petition to modify a parenting plan, the trial court's findings support its decision to dismiss Jaime's petition. The trial court's decision was within the range of acceptable choices and thus, Jaime has not shown that the decision was manifestly unreasonable. We hold the trial court did not abuse its discretion when it dismissed Jaime's petition to modify the permanent parenting plan.

## II. ORDER ON MOTION FOR RECONSIDERATION

Jaime appears to argue the trial court's decision to deny her motion for reconsideration was based on untenable reasons because it incorrectly applied a "stringent" standard when it considered whether there was a substantial change in AMA's or Heath's circumstances. Am. Br. of Appellant at 22. We disagree.

We review a trial court's decision granting or denying a motion for reconsideration for an abuse of discretion. *City of Longview v. Wallin*, 174 Wn. App. 763, 776, 301 P.3d 45 (2013). A trial court abuses its discretion if its decision is manifestly unreasonable, based on untenable grounds because the factual findings are unsupported by the record, or based on untenable reasons because the incorrect legal standard was applied. *MacLaren*, 8 Wn. App. 2d at 774.

When the trial court used the term "stringent," it was discussing *In re Marriage of Tomsovic*, 118 Wn. App. 96, 106, 74 P.3d 692 (2003), in which Division Three distinguished the provisions for a major modification of a parenting plan under RCW 26.09.260(1) and a minor modification under RCW 26.09.260(5). In that case, the court stated, "Once a threshold showing

of a substantial change in circumstances is made, the petitioner must meet *stringent requirements* for a modification that is considered major and less stringent requirements for a modification that is considered minor." (Emphasis added). *Id.*

Here, Jaime requested a major modification of the permanent parenting plan in order to become AMA's custodial parent. At the reconsideration hearing, the trial court correctly acknowledged that Jaime must carry the burden to meet a "threshold requirement [of showing] a substantial change in [AMA's or Heath's] circumstances." RP (April 27, 2023) at 14. Upon reviewing the evidence submitted, the trial court ruled that Jaime had still not met her burden of showing a substantial change in circumstances to establish adequate cause for a hearing on her proposed major modification of the permanent parenting plan.

It is apparent that the trial court's use of "stringent" in this context denoted that Jaime did not meet the threshold requirement of showing a substantial change in circumstances and therefore that she could not meet the stringent requirements for a major modification. Indeed, the trial court applied the correct standard in adhering to RCW 26.09.260(1), which required Jaime to show that there was a "substantial change" in AMA or Heath's circumstances, that the modification is in AMA's best interest, and that the modification is necessary to serve AMA's best interests. The court determined that Jaime did not show a substantial change in circumstances.

Because Jaime's argument relies on the erroneous premise that the trial court applied an incorrect legal standard, her argument fails. The trial court's denial of Jaime's motion for reconsideration was not based on untenable reasons. Thus, we hold the trial court did not abuse its discretion when it denied Jaime's motion for reconsideration.

CONCLUSION

We hold the trial court did not abuse its discretion when it dismissed Jaime's petition to modify the permanent parenting plan and denied Jaime's motion for reconsideration.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Glasgow, J.

_____
Cruser, C.J.