# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Support of: | No. 58736-0-II |
| W.F., | |
| Minor child, | |
| JEREMYLEE FRANKS, | |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| ERIKA SPRINGER, | |
| Respondent. | |

CRUSER, C.J.—Jeremy Franks and Erika Springer share a child. Franks petitioned for a modification of the parenting plan. The trial court ordered Franks to pay $784 in monthly child support. Franks appeals, arguing that the trial court abused its discretion by imputing income to Franks in the amount of $5,000 per month without following the requirements of RCW 26.19.071(6). We affirm on the ground that the trial court did not impute income to Franks and substantial evidence supported the trial court's finding that Franks earned $5,000 per month.

## FACTS

In 2015, Jeremy Franks and Erika Springer entered a parenting plan for their shared child. In 2019, Franks petitioned for a major modification to the parenting plan. The parties agreed that

there was adequate cause to modify the 2015 parenting plan. In 2023, the parties participated in an informal family law trial on the petition to modify the parenting plan.

During the proceeding, Springer estimated that Franks' monthly income was $8,667.67. Springer estimated this income based on Franks' recent inheritance, ownership of multiple rental properties, and ownership of multiple vehicles. Springer provided the agreement regarding estate and trust administration for Franks' grandfather. The agreement lists Franks as a designated remainder beneficiary under his grandfather's will and bequeathed cars, equipment, and property to Franks. Springer also provided records from the Grays Harbor County assessor's office reflecting that, in addition to his residence, Franks owns three properties in his own name, valued at $179,645, $222,496, and $117,959 respectively. And Franks and his brother jointly own two properties, valued at $469,831 and $164,100. Springer also provided evidence the Franks owns Franks Rentals LLC and has custom apparel bearing the LLC's name and logo.

Franks testified that he works at a hobby shop and makes $2,000 per month. In a written declaration, Franks stated that he earns $15.75 per hour. Franks' declaration included screenshots of several paystubs from Bigfoot Hobbies. Each paystub spanned a two-week period and ranged from $40 to $497. Franks did not provide the court with any tax documents. Franks testified that the last time he filed taxes was two years ago because of an ongoing dispute with the IRS.

According to Franks, he did receive some houses as an inheritance, but the houses were in his brother's name. He also received rusty cars and "maybe a hundred-and-something thousand" dollars. Verbatim Rep. of Proc. (VRP) at 38. Franks started Franks Rentals LLC prior to getting any renters. Franks testified that he and his friend sometimes do side jobs to earn extra money.

In its oral ruling, the trial court stated "I used the actual income for Mom and I imputed income for Dad." *Id.* at 80. The trial court found that Franks had "not testified credibly about what his actual financial circumstances are" and that Franks was "underreporting his income here and his access to financial means." *Id.* at 84. The trial court estimated Franks' monthly income to be $5,000 and listed his income in the "other income" category on the child support worksheet. Clerk's Papers (CP) at 33. The trial court reasoned, "[w]hen I look at the totality of business activity, access to the possibility of rental income, conduct and purchases by Father, my best estimate of what Dad's monthly income would be is $5,000 a month." VRP at 85. Franks appeals.

## DISCUSSION

## I. CHILD SUPPORT ORDER

Franks argues that the trial court abused its discretion by ordering him to pay $784 in monthly child support based on its finding that Franks earns $5,000 per month. We disagree because substantial evidence supported the trial court's finding that Franks' monthly income was $5,000.

## A. Legal Principles

We review a trial court's decision to modify a parenting plan for abuse of discretion. *In re Marriage of Zigler & Sidwell*, 154 Wn. App. 803, 808, 226 P.3d 202 (2010). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. *In re Marriage of Chua & Root*, 149 Wn. App. 147, 153-54, 202 P.3d 367 (2009).

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

*In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). Parenting plan modifications are rarely reversed on appeal because " '[t]he emotional and financial interests affected by such decisions are best served by finality.' " *In re Parentage of Jannot*, 149 Wn.2d 123, 127, 65 P.3d 664 (2003) (alteration in original) (internal quotation marks omitted) (quoting *In re Parentage of Jannot*, 110 Wn. App. 16, 21, 37 P.3d 1265 (2002)).

We review a trial court's findings of fact regarding modification for substantial evidence. *In re Marriage of Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). Substantial evidence exists when there is sufficient evidence to persuade a rational, fair-minded person that the premise is true. *In re Marriage of Akon*, 160 Wn. App. 48, 57, 248 P.3d 94 (2011). We do not substitute our judgment for the superior court's judgment, weigh the evidence, or evaluate witness credibility. *Wilson*, 165 Wn. App. at 340.

B. Analysis

Franks argues that the trial court erred by imputing his income without complying with the requirements of RCW 26.19.071(6). However, the record establishes that the trial court did not impute income to Franks, but rather determined his income based on the evidence before it. The trial court determined that Franks' testimony was not credible and that he underreported his income, not that he was voluntarily underemployed. While the trial court stated in its oral ruling that it was imputing income to Franks, it listed Franks' income as "other income" on the worksheet. CP at 33. Because "a trial judge's oral decision . . . has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment," we conclude that the trial court did not impute income to Franks. *Ferree v. Doric Co.*, 62 Wn.2d 561, 566-67, 383 P.2d 900 (1963). Therefore RCW 26.19.071(6) does not apply. The trial court's finding that Franks' monthly

income is $5,000 is a finding of fact we review for substantial evidence. *Wilson*, 165 Wn. App. at 340.

Implicit in Franks' argument is a contention that the trial court's finding that Franks earned $5,000 per month is not supported by substantial evidence. We disagree. The testimony and evidence presented at the informal trial were sufficient to persuade a fair-minded person that Franks earned at least $5,000 each month.

Franks testified that he earns $15.75 per hour at a hobby shop and makes $2,000 per month. Franks also testified that he earns some additional income doing side jobs with a friend. Moreover, Franks testified that he received some houses, cars, and money as inheritance from his grandfather, and that he formed an LLC for the purpose of renting out the houses. And the documents from the county assessor's office corroborated that Franks owns somewhere between three and five rental properties. While Franks testified that he was not getting any rental income, the trial court found that this testimony and his testimony that he earned only $2,000 a month were not credible based on his spending and standard of living. Given the credible evidence before it, sufficient evidence supported the trial court's conclusion that Franks earned at least $5,000 per month.

## CONCLUSION

We conclude that the trial court did not abuse its discretion when it ordered Franks to pay $784 in monthly child support. Accordingly, we affirm the child support order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

No. 58736-0-II

CRUSER, C.J.

We concur:

MAXA, J.

CHE, J.

6